# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1506V

| | |
|---|---|
| KATHLEEN FINN,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 4, 2024 |

*James M. Merrigan*, Rawson, Merrigan & Litner, LLP, for Petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 30, 2020, Kathleen Finn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that the flu vaccine caused her to develop a left shoulder injury related to vaccine administration. Petition, ECF No. 1. On August 1, 2023, I issued a decision awarding compensation to Petitioner based on the parties stipulation. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $17,252.10 (representing $16,725.50 in fees plus $526.60 in costs). Application for Attorney's Fees and Costs ("Motion") filed June 11, 2024. ECF No. 49. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 49-3.

Respondent reacted to the motion on June 13, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 50. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested herein for attorney James Merrigan through the end of 2022 exceed the hourly rates previously established for his work in the Vaccine Program, and therefore require adjustment. The paralegal rates requested, however, are appropriate and shall be awarded in full.

Mr. Merrigan was previously awarded the following rates for his work in the Vaccine Program: $390 per hour for 2019; $415 per hour for 2020; $430 per hour for 2021; and $440 per hour for 2022. *See Sexton v. Sec'y of Health & Hum. Servs.*, No. 19-1919V, 2022 WL 1863925 (Fed. Cl. Spec. Mstr. Apr. 14, 2022). I find the reasoning behind those rates from *Sexton* persuasive and hereby reduce Mr. Merrigan's rates accordingly. *Sexton* did not establish an hourly rate for Mr. Merrigan for 2023, but (extrapolating from the 2022 rate), I find the rate of $475 appropriate. **Application of the foregoing reduces the amount of fees to be awarded herein by $891.00**.[3]

I have also reviewed the requested costs, but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice or proof of payment. *See* ECF No. 49-2. I will nevertheless reimburse these costs in full, since the amount requested is not particularly large. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed (or denied) award for failure to include the required supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[4]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. **I award a total of $16,391.10 (representing $15,834.50 in fees plus $526.60 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, James M. Merrigan.**

---

[3] This amount is calculated as: $400 - $390 = $10 x 7.50 hrs.) + ($425 - $415 = $10 x 7.80 hrs.) + ($450 - $430 = $20 x 4.50 hrs.) + ($475 - $440 = $35 x 12.80 hrs.) + ($525 - $475 = $50 x 4.00 hrs.) = $891.00

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

3

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.